**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3185-22

VINCENT BLEHL,

    Plaintiff-Appellant,

v.

THE PLANNING BOARD OF
THE BOROUGH OF SADDLE
RIVER and THE MICHAELS
DEVELOPMENT COMPANY I,
LP,

    Defendants-Respondents.

_____

Argued June 5, 2024 – Decided August 14, 2024

Before Judges Vernoia and Walcott-Henderson.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-2078-22.

Lisa E. Lomelo argued the cause for appellant (Weiner Law Group LLP, attorneys; Matthew E. Gilson, of counsel and on the briefs).

C. John DeSimone, III, argued the cause for respondent Michaels Development Company I, LP (Day Pitney

LLP, attorneys; C. John DeSimone, III, of counsel and on the brief; Alyssa R. Musmanno, on the brief).

Thomas S. DiBiasi argued the cause for respondent Planning Board of the Borough of Saddle River (Di Biasi & Rinaldi, LLC, attorneys, join in the brief of respondent Michaels Development Company I, LP).

PER CURIAM

Plaintiff Vincent Blehl, an interested homeowner, appeals from a May 30, 2023 order dismissing his complaint in lieu of prerogative writs and affirming defendant the Planning Board of the Borough of Saddle River's (Planning Board) resolution granting co-defendant Michaels Development Company I, LP (Michaels) preliminary and final site plan approval to build affordable housing units. Plaintiff argues the Planning Board denied him an opportunity to oppose the application during its two-day hearing. Unpersuaded by plaintiff's arguments, we affirm.

We summarize the pertinent facts. In July 2020, Michaels was selected by the Borough of Saddle River (the Borough) to develop affordable housing units on the subject property identified as Block 1601, Lots 9, 10, 10.01, and 11

on the Borough's Tax Map.[1]  Plaintiff is a resident of Saddle River whose property abuts the development site at issue in this matter.[2]

On September 4, 2020, Michaels applied for preliminary major site plan approval to develop the subject property with five multi-family residential buildings containing a total of one-hundred and twelve units—with one unrestricted unit to be used as the superintendent's residence.  In its application, Michaels also sought approval for certain site plan exceptions and exceptions from provisions of the New Jersey Residential Site Improvement Standards (RSIS).  The application was heard at a public hearing on September 17, 2020, and the Planning Board granted preliminary major site plan approval for the development on September 21, 2020.

On December 20, 2021, Michaels submitted amendments to its application for preliminary approval and also applied for final site plan approval, minor subdivision approval under Borough Ordinance Section 195-4, and approval of

---

[1]  In early 2020, the Borough, the Fair Share Housing Center and the Saddle River Investors, LLC entered into an Affordable Housing Settlement Agreement designed to bring the Borough into compliance with its affordable housing obligations.  As required by the Borough's court-approved settlement agreement, the subject property is one of the key properties to be developed in the Borough to fulfill is affordable housing commitment.

[2]  Plaintiff is the owner of property designated as Block 1601, Lot 8 on the Tax Map of the Borough.

a soil relocation permit under Borough Ordinance Section 183-6, among other site plans. The amended application also included a Stormwater Management Report and sought waivers to modify the size of retaining walls and steep slopes on the property, and a RSIS exception to decrease the number of required parking spaces.

On January 12, 2022 and January 25, 2022, the Planning Board held public hearings in accordance with the Open Public Meetings Act, N.J.S.A. 10:4-6 to -21, via Zoom, regarding Michaels' amended application.[3] During the first hearing, Michaels presented testimony from Adolf Montana, a civil engineer, and James Haley, an architect. According to the record, eight members of the public, including plaintiff, questioned the witnesses during the hearing.

Hours before the commencement of the second hearing on January 25, 2022, the attorney for another neighboring property owner—Robert Petrow—submitted a letter to the Planning Board requesting an adjournment "to obtain professionals and the opportunity to present a case in opposition." That same attorney now represents plaintiff in this appeal. Plaintiff claims the adjournment

---

[3] Pursuant N.J.S.A. 10:4-12(a), all meetings of public bodies shall be open to the public at all times except the public body may exclude the public from a portion of a meeting at which the body "discusses" enumerated topics.

request the attorney had submitted on Petrow's behalf was also submitted on his behalf because they "had been working in concert . . . ." However, there is no evidence that plaintiff requested an adjournment of the hearing either individually or through Petrow's then-attorney.

The Planning Board continued the second hearing on January 25, 2022, also via Zoom. Montana and Haley appeared again and testified along with two other experts for Michaels: John Corak, an architectural design expert; and Martin Spence, a traffic engineer. Members of the public, including plaintiff, were again permitted to question the experts regarding the planned development. In fact, the record reflects that plaintiff asked questions of each of the experts regarding the following: the buildings' foundation and height, floor plans, elevation, drainage structures, the location of the sewer pump station, the relocation of the backup generator and vent pipe away from his property line, sediment control, traffic flow, the delineation of the wetlands, and whether there were any "critical dependent species" within the development area.[4]

The Planning Board asserts, and plaintiff does not dispute, that plaintiff's name appears sixty-seven times in the transcript of the January 12, 2022 hearing

---

[4] Plaintiff inquired specifically about black crown night heron, yellow crown night heron, red shoulder hawk, the barred owl and Indian bat.

and one-hundred and fifteen times in the transcript of the January 25, 2022 hearing—indicating he spoke in excess of one-hundred-and-eighty times by asking questions of the witnesses or making comments.[5] Other than the Planning Board members and its professionals, plaintiff asked more questions of Michaels' experts than any other participant.

At the conclusion of the second day of testimony, the Chairman of the Board and a Board member spoke to those present at the hearing as follows:

> [CHAIRMAN]: Okay. Do we have any questions from anybody from the board[?]; I don't see any. <u>Anything from the public?</u>[6]
>
> [BOARD MEMBER]: That's new.[7]
>
> [CHAIRMAN]: That's new, <u>nothing</u>. Okay.
>
> [(emphasis added).]

---

[5] Plaintiff did not provide full transcripts of either the January 12, 2022 hearing or January 25, 2022 hearing, thus the full extent of each individual's testimony, including cross-examination is not reflected in the transcripts provided on appeal.

[6] At oral argument before us, plaintiff's counsel represented that Mr. Blehl may have been muted by the Zoom coordinator. There is no basis in this record for us to make such a determination.

[7] We interpret the Board member's comment as an expression that it was unusual that no member of the public had taken the opportunity to address the Board in response to the Chairman's inquiry if any member of the public had wanted to do so.

No one from the public spoke up, asked to speak or indicated there was any further opposition, or asked to call any other witnesses. At the urging of the Planning Board's attorney, counsel for Michaels summarized its application for amended preliminary and final site plan approval, and the members voted. The application passed with a majority vote with two abstentions and no votes in opposition, and the meeting ended without further comment. On March 1, 2022, the Planning Board approved the amended application and later memorialized its findings and approval in Resolution 22-07.[8] The Resolution was published in accordance with N.J.S.A. 40:55D-10(i).[9]

Approximately one month later, plaintiff filed a three-count complaint in lieu of prerogative writs challenging the Planning Board's decision to approve Michaels' amended application. The complaint alleged that the Planning Board: (1) acted in a manner that was arbitrary, capricious, and unreasonable; (2) failed to allow objector testimony; (3) and that adequate public notice of the

---

[8] The record before the Planning Board included: the Preliminary Site Plan Application; architectural plans prepared by James Haley; a Traffic and Parking Assessment Report; and a Stormwater Management Report and Appendices; a Map Depicting a 500 foot Drainage Area; and thirteen exhibits.

[9] Plaintiff did not include the transcript for the March 1, 2022 hearing because he claimed it was merely a memorialization of the decision.

Application was not provided as required under the Municipal Land Use Law, N.J.S.A. 40:55D-1 to -123 (MLUL).[10]

In the one-day bench trial that ensued, plaintiff was represented by the same attorney who had previously represented Petrow at the Planning Board hearing and who had requested on Petrow's behalf an adjournment of the January 25 hearing to secure witnesses to testify in opposition to the planned development. Counsel acknowledged he did not represent plaintiff during the public hearings. Counsel stated, "I had spoken to [plaintiff on January 25] and he made it clear that I did not represent him. He did not want me to represent him, and that he wanted to put forward his own case."

On May 30, 2023, Judge Gregg A. Padovano issued an order and written decision dismissing the complaint with prejudice. The court concluded "the [Planning] Board's Resolution and hearing transcripts reveal[] that the [Planning] Board's approval was properly based upon the conclusion that Michaels satisfied the requisite elements for each aspect of the application," and

---

[10] The argument regarding notice is not reprised on appeal and is therefore deemed abandoned. See Drinker Biddle & Reath LLP v. N.J. Dep't of L. & Pub. Safety, 421 N.J. Super. 489, 496 n.5 (App. Div. 2011) (explaining an issue not briefed on appeal is deemed abandoned).

"the Resolution clearly and appropriately identifies its findings and conclusions and has provided the court with an adequate and appropriate basis for review."

In addressing plaintiff's claim that he had made an adjournment request and sought to present witnesses, Judge Padovano found it was undisputed that plaintiff never personally requested an adjournment and he was not represented by the attorney who had requested an adjournment on behalf of another individual. The judge further found that the denial of an adjournment request made by a third-party did not afford plaintiff standing to challenge the denial of the adjournment request, and that there is no evidence that plaintiff had joined in the request. The court further concluded the record revealed that plaintiff did not seek his own adjournment or opportunity to present witnesses at any time during the proceedings and rejected plaintiff's contention that the hearing was not properly open for public comment, citing plaintiff's failure to present any credible evidence in support his argument.

The court also found there was no evidence that plaintiff had ever retained qualified experts of his own and the record revealed that both plaintiff and counsel for the neighboring property owner were silent concerning any need for an adjournment at the commencement of the hearing and failed to raise any

objections to the proceeding based on a claimed need for an adjournment. Plaintiff appealed from the court's order dismissing his complaint.

On appeal, plaintiff reprises the same arguments rejected by Judge Padovano. First, plaintiff argues the court erred by rejecting his claim he had been improperly denied an opportunity to present opposition to the application during public hearings. Although he acknowledges he had been provided an opportunity to extensively cross-examine Michaels's witnesses, plaintiff claims the court erred by rejecting his claims the hearing had not been opened for public comment and the virtual nature of the hearing made it "impossible" for him to be heard. He further argues the Planning Board's decision was arbitrary and capricious because it had not been presented with adequate testimony regarding stormwater management.

Just as with the trial court, Fallone Props., L.L.C. v. Bethlehem Twp. Plan. Bd., 369 N.J. Super. 552, 562 (App. Div. 2004), our review of the decision of a planning board is limited, Smart SMR v. Borough of Fair Lawn Bd. of Adjustment, 152 N.J. 309, 327 (1998). Because "planning boards are granted 'wide latitude in the exercise of the delegated discretion' due to their 'peculiar knowledge of local conditions,'" Fallone, 369 N.J. Super. at 561 (quoting Burbridge v. Mine Hill, 117 N.J. 376, 385 (1990)), our role is limited to

ascertaining "whether the board could reasonably have reached its decision" on the competent evidence in the record, Davis Enters. v. Karpf, 105 N.J. 476, 485 (1987). Thus, "[a] board's decision 'is presumptively valid and is reversible only if arbitrary, capricious, and unreasonable.'" Smart, 152 N.J. at 327 (quoting Sica v. Bd. of Adjustment, 127 N.J. 152, 166-67 (1992)).

The person who challenges the validity of a Planning Board's decision bears the burden of demonstrating the unreasonableness of the board's actions. Toll Bros., Inc. v. Bd. of Chosen Freeholders of Burlington, 194 N.J. 223, 256 (2008). "We give deference to the actions and factual findings of local boards and may not disturb such findings unless they were arbitrary, capricious, or unreasonable." Jacoby v. Zoning Bd. of Adjustment of Englewood Cliffs, 442 N.J. Super. 450, 462 (App. Div. 2015). Determinations on questions of law in land use matters are reviewed de novo. Bubis v. Kassin, 184 N.J. 612, 627 (2005).

Indeed, a planning board must "afford plaintiffs and all objectors a fair opportunity to address the full range of planning issues." Witt v. Borough of Maywood, 328 N.J. Super. 432, 454 (L. Div. 1998), aff'd, 328 N.J. Super. 343 (App. Div. 2000). Under N.J.S.A. 40:50D-10(d), however, objectors may only

11

present witnesses "subject to the discretion of the presiding officer and to reasonable limitations as to time and number of witnesses."

With these standards in mind and having thoroughly reviewed the record, we affirm for substantially the same reasons expressed in Judge Padovano's comprehensive and thorough twenty-two page decision and reject plaintiff's arguments.

As a preliminary matter, Judge Padovano's determination there was no "evidence which suggests that [p]laintiff was denied a meaningful opportunity to participate" in the Planning Board's hearing is unassailable given the extent of plaintiff's participation in the two-day hearing. And, even though plaintiff did not provide complete transcripts, the extent of his participation in these proceedings is unquestionable as he does not dispute that he was granted the opportunity to extensively question the witnesses and did so by asking in excess of one-hundred questions. We conclude this argument—that plaintiff was denied a meaningful opportunity to participate in the hearing—is without sufficient merit to warrant any further discussion. R. 2:11-3(e)(E)(2).

Regarding the adjournment request, the record shows that several hours before the commencement of the second hearing, plaintiff's current attorney sought an adjournment, via email, on behalf of his then-client, not plaintiff, and

that the hearing nevertheless proceeded as planned, without plaintiff raising any objection or making any request on his own. Plaintiff did not notify the Planning Board of his intention to call any witnesses, nor did he seek an adjournment at any time before or during the hearings. Thus, we also conclude this argument is without sufficient merit to warrant further discussion. R. 2:11-3(e)(E)(2).

We similarly reject plaintiff's remaining arguments because they are equally without adequate support in the record. Plaintiff argues the court erred in determining the Planning Board did not act in an arbitrary, capricious and unreasonable matter, and that the Planning Board's "failure to provide the opportunity for testimony in opposition renders the record incomplete."

Applying the proper standard of review, we note that the law is well-settled that municipal boards "may choose which witnesses, including expert witnesses, to believe." Bd. of Educ. of Clifton v. Zoning Bd. of Adjustment of Clifton, 409 N.J. Super. 389, 434 (App. Div. 2009). Where that choice is "reasonably made," as here, "such choice is conclusive on appeal." Kramer v. Bd. of Adjustment, 45 N.J. 268, 288 (1965). Other than mere allegations, plaintiff makes no showing the Planning Board's decision was arbitrary, capricious, or unreasonable such that it warrants reversal. Jacoby, 442 N.J. Super. at 462. Plaintiff does not demonstrate that the Planning Board failed to

consider evidence, acted unreasonably, or that its decision was irrational or not based on adequate findings of fact supported by the evidence. Moreover, plaintiff's arguments are belied by the record, which shows the Planning Board considered the testimony of several witnesses, including experts who testified regarding a myriad of site development issues, and provided ample opportunity for public comment and examination of all the witnesses presented by Michaels.

We also note that prior to the conclusion of the second and final day of testimony, the Chairman of the Planning Board, Jeff Liva specifically asked, "[d]o we have any questions from anybody from the Board[?]; I don't see any. Anything from the public[?]" Notably, plaintiff does not contend that he had notified the Planning Board in any way of his intention to testify in opposition to Michaels' application, or intended to call any witnesses or experts of his own. Rather, in his brief, he merely states that "[t]he over one hundred questions [he had] asked only further supports the position [he] intended to provide testimony."

Plaintiff also contends the Planning Board's decision was arbitrary and capricious because there was inadequate evidence concerning stormwater management supporting its decision. Again, this argument is belied by the record. To be sure, plaintiff asked several questions of Micheals' experts,

14

including Montana about the site plan and how it proposed to control storm water in the event of increasingly severe weather. Montana testified that there was a maintenance plan submitted as an appendix to the stormwater management report which is consistent with New Jersey Department of Environmental Protection's Regulations. Plaintiff, however, remained unpersuaded by Montana's testimony and challenged the data used to design the stormwater management system. He maintained that "the data [Montana was] using is completely irrelevant, in view of the climate crisis that we're experiencing . . ." Contrary to plaintiff's assertions concerning the inadequacy of the evidence of stormwater management, however, the Planning Board had heard Montana's extensive testimony on this subject and had as part of the record, the stormwater management report along with several appendices. Thus, contrary to plaintiff's claim on appeal, there was adequate evidence concerning stormwater management supporting the Board's decision.

In sum, Judge Padovano's conclusion that there was substantial, competent evidence in the record to support the Planning Board's finding that Michaels provided adequate proof satisfying the criteria required for approval of: the amended preliminary and final site plan applications under N.J.S.A. 40:55D-46(b) and N.J.S.A. 40:55D-46; the RSIS parking space exception under

15

N.J.A.C. 5:21-3.1(f)(1); the requested waivers under the Borough's Ordinance Section 183-11; the minor subdivision approval under the Borough's Ordinance Section 195-4; and the soil relocation permit under the Borough's Ordinance Section 183-6, is therefore entitled to deference.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3185-22